UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                :
SUNG CHOI,                              :
                         Plaintiff,  :
                                :      10 Civ. 6617 (JPO)
          -against-                :
                                :      MEMORANDUM AND
THE CITY OF NEW YORK, et al.,    :           ORDER
                       Defendants.  :
                                :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

    Before the Court is Plaintiff Sung Choi's Appeal of Award of Costs to Defendants Pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1. Plaintiff is appealing the Clerk of Court's award of $13,453.99 to Defendants as costs incurred during civil rights litigation between the parties. For the reasons that follow, Plaintiff's motion is granted in part and denied in part, and Defendants are awarded $7,815.42 in costs.

**I.    Background**

    The parties tried this case to a jury from October 15, 2012 to October 22, 2012. At trial, Plaintiff sought to prove that Defendants had falsely arrested her and used excessive force in the course of events arising from that false arrest. In anticipation of trial, Defendants deposed non-party Srikant Kandapaneni, who was listed on Plaintiff's section of the joint pretrial order as a potential witness. In the end, Kandapaneni was not called as a witness at trial. The trial was not particularly long or complex: five witnesses, including Plaintiff, Defendant Officer Murdocco, and a single expert witness, testified over a six-day period. Defendants ordered a copy of the daily trial transcript and, when the jury requested several read backs during deliberations, shared their copies of the transcript with counsel to Plaintiff. The jury ultimately returned a verdict finding for Defendants on both claims. Judgment was entered on November 29, 2012. The U.S.

District Court for the Southern District of New York was closed on December 31, 2012 and January 1, 2013. On January 2, 2013, Defendants filed an application for costs. The Clerk awarded Defendants $13,453.99 in costs, consisting in part of $11,277.14 for the cost of daily trial transcripts and $376.4 for the Kandapaneni deposition transcript.

## II.    Discussion

### A.    Legal Standard

Rule 54(d) of the Federal Rules of Civil Procedure governs the taxation of costs against an unsuccessful litigant in federal district court.

> *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Rule 54(d)(1). Local Rule 54.1 governs the timing and mechanics of such applications:

> (a) Request to Tax Costs. Within thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal, unless this period is extended by the Court for good cause shown, any party seeking to recover costs shall file with the Clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation. Costs will not be taxed during the pendency of any appeal. Any party failing to file a request to tax costs within the applicable thirty (30) day period will be deemed to have waived costs. The request to tax costs shall be served upon each other party not less than seven (7) days before the date and time fixed for taxation. The bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred. Bills for the costs claimed shall be attached as exhibits.

When presented with an appeal, "[a] district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (internal quotation marks omitted). "[T]he burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." *Palm Bay Int'l*,

*Inc. v. Marchesi Di Barolo S.P.A.*, 285 F.R.D. 225, 227 (E.D.N.Y. 2012) (quotation marks and citation omitted). Notwithstanding this burden, "[s]uch an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270; *see also Karmel v. City of New York*, No. 00 Civ. 9063, 2008 WL 216929, at *2 (S.D.N.Y. Jan. 9, 2008) ("Ordinarily . . . 'costs will be taxed against the losing party provided such costs were reasonably necessary.'" (quoting *Seymore v. Reader's Digest Assoc*, No. 77 Civ. 4825, 1981 WL 90, at *1 (S.D.N.Y. Jan. 7, 1981))). The Supreme Court has construed "costs" to include only the specific items enumerated in 28 U.S.C. § 1920, *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987), including trial transcripts and certain deposition transcripts.

With respect to trial transcripts, Local Rule 54.1(c)(1) provides that "[t]he cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable. Convenience of counsel is not sufficient." "[I]t is well-settled that only transcripts that were 'necessarily obtained' are taxable under Rule 54(d)(1) and Local Civil Rule 54.1." *Karmel*, 2008 WL 216929, at *3 (citation omitted). "[D]aily transcripts of trial testimony are not customary." *Carmody v. Pronav Ship Mgmt.*, No. 02 Civ. 7158, 2004 WL 1837786, at *2 (S.D.N.Y. Aug.17, 2004) (citation omitted). Applying this rule, numerous courts in this District have denied costs for daily transcripts of trial testimony after trials that were short or not particularly complex. *See Williams v. Cablevision Sys. Corp.*, 98 Civ. 7988, 2000 WL 620215, at *2 (S.D.N.Y. May 12, 2000) (collecting cases). "Courts have also observed that use of the trial transcripts in summation is not a sufficient reason for taxing the costs of the transcripts." *Id.* (collecting cases). Indeed, courts have noted that daily transcripts may not have been "necessarily obtained" even where a party argued that it used the transcripts to "prepare for cross examination, summation and the jury charge." *Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126, 129 (E.D.N.Y. 2006) (citation omitted); *see also id.* ("It is not necessary for counsel

3

to rely on a trial transcript when counsel can take notes during trial in order to prepare for cross examination and summation.").

With respect to depositions, Local Rule 54.1(c)(2) provides that "[u]nless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety . . . . Costs for depositions taken solely for discovery are not taxable." Taxation for deposition expenses is thus appropriate only when those costs were "*necessarily incurred* for use of the deposition in the case." *Whitfield*, 241 F.3d at 270 (emphasis added). Courts have explained, however, that "the proper inquiry is whether, at the time the deposition was taken, it appeared to be reasonably necessary." *Hamptons Locations, Inc. v. Rubens*, No. 01 Civ. 5477, 2010 WL 3522808, at *7 (E.D.N.Y. Sept. 2, 2010) (quotation marks and citation omitted). Accordingly, "the costs of depositions not used at trial are still taxable . . . where they 'appear to have been reasonably necessary to the litigation at the time they were taken.'" *Id.* (quoting *Malloy v. City of N.Y.*, No. 98 Civ. 5823, 2000 WL 863464, at *2 (E.D.N.Y. June 23, 2000)).

B.  **Application of Law to Facts**

Judgment in this case was entered on November 29, 2012. Application of the 30-day rule would ordinarily have required Defendants to file their application for costs by December 29, 2012. However, because December 29 was a Saturday, and because the courthouse was closed on December 31 and January 1, the next business day was January 2, 2013. Defendants filed their motion for costs on that date, so their motion was filed in a timely fashion.

The Clerk awarded Defendants $11,277.14 for the cost of daily trial transcripts. An award of the full cost for daily trial transcripts is not warranted, however, because of the relative brevity and simplicity of the trial in this case. That said, because Plaintiff and the Court both made significant use of copies of the daily trial transcripts purchased by Defendants, particularly

4

when addressing requests from the jury for read backs, and because in that respect the "original trial transcript . . . was necessarily obtained for use in this Court" under Local Rule 54.1(c)(1), the Court exercises its "sound discretion" to award partial costs for the daily trial transcripts. *See Cosgrove v. Sears, Roebuck, & Co.*, 191 F.3d 98, 102 (2d Cir. 1999) (citation omitted). It is, of course, well settled that such equitable considerations may bear on the decision whether to assess costs for daily trial transcripts. *See, e.g.*, *Karmel*, 2008 WL 216929, at *3 (S.D.N.Y. Jan. 9, 2008) ("[T]he Court is convinced that requiring Plaintiff to pay in excess of $20,000,00 [for daily trial transcripts] would be inequitable."); *Perks v. Town of Huntington*, No. 99 Civ. 4811, 2008 WL 8091034, at *3 (E.D.N.Y. Mar. 31, 2008) (courts must consider, *inter alia*, "whether the transcript was a mere convenience and other extraordinary circumstances"). The Clerk's award of $11,277.14 is reversed and Defendants are hereby awarded half the total cost of daily trial transcripts: $5,638.57.

The Clerk awarded Defendants $376.40 for the Kandapaneni deposition transcript. That award is justified. Plaintiff identified Kandapaneni as a potential witness and only decided not to call him the day before his scheduled testimony. In light of Plaintiff's decision about how to prosecute her case, it may well have "appeared to be reasonably necessary" to Defendants to obtain a copy of the deposition transcript as part of their preparation for trial. *See Hamptons Locations*, 2010 WL 3522808, at *7. This part of the Clerk's award is therefore affirmed.[1]

The Clerk awarded total costs of $13,453.99. Plaintiff has challenged only part of that determination and the Court has granted only part of Plaintiff's motion. Accordingly, the Clerk's total award is reduced by $5,638.57 to a total of $7,815.42.

---

[1] Defendants invoke Rule 68. That rule does not bear on this issue because it does not purport to define the "costs" to which it refers; that determination must be reached independently.

**III.    Conclusion**

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.  Defendants are awarded $7,815.42 in costs.

The Clerk of Court is directed to close the motion entry at Dkt. No. 68.

SO ORDERED.

Dated: New York, New York
April 5, 2013

_____
J. PAUL OETKEN
United States District Judge